[Cite as *State v. Hogya*, 2022-Ohio-3117.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

HOPE C. HOGYA,

        Defendant-Appellant.

**CASE NO. 2022-L-072**

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2022 CR 000566

## M E M O R A N D U M
## O P I N I O N

Decided: September 6, 2022
Judgment: Appeal dismissed

*Charles E. Coulson*, Lake County Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Hope C. Hogya,* #517804, Lake County Adult Detention Facility, 104 East Erie Street, Painesville, OH 44077 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} On August 5, 2022, appellant, Hope C. Hogya, pro se, filed a notice of appeal. Appellant attached to her notice: 1) an August 2, 2022 entry denying her motion for an independent evaluation; 2) an August 2, 2022 entry holding in abeyance her motion to quash the indictment until appellant is deemed competent; and 3) an August 2, 2022 entry holding in abeyance her motion to dismiss the indictment until appellant is deemed competent.

{¶1} Appellant was indicted on July 22, 2022 of two counts of violating a protection order. The trial court stated in two of the three appealed entries that the matter was referred to the Court Psychologist of the Lake County Adult Probation Department for appellant's competency evaluation on July 28, 2022, which was ordered to be completed within thirty (30) days of the entry.

{¶2} R.C. 2505.02 defines the types of orders that constitute a final appealable order:

{¶3} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶4} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶5} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶6} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶7} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶8} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶9} "(5) An order that determines that an action may or may not be maintained as a class action;

{¶10} * * *."

2

Case No. 2022-L-072

**{¶11}** In criminal cases, pursuant to R.C. 2953.02, a court of appeals only possesses jurisdiction to hear an appeal if it is from a "judgment or final order."

**{¶12}** Further, the Supreme Court of Ohio has stated that "in a criminal case there must be a sentence which constitutes a judgment or a final order which amounts 'to a disposition of the cause' before there is a basis for appeal." *State v. Chamberlain*, 177 Ohio St. 104, 106-107(1964).

**{¶13}** The appealed judgment entries do not conform to any of the criteria in R.C. 2505.02 for being a final appealable order, nor has appellant been convicted or sentenced in this matter. Further, to qualify as a provisional remedy, the court's order would have to prevent appellant from having a meaningful or effective remedy following sentencing. In this case, appellant can challenge the trial court's August 2, 2022 entries at the conclusion of the criminal case on appeal from her conviction and sentence.

**{¶14}** Appeal dismissed.

THOMAS R. WRIGHT, P.J.,

MARY JANE TRAPP, J.,

concur.

3